# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Musab Mohamed Alhussein, | Case No. 26-cv-2458 (NEB/DJF) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Broward County, | |
| Defendant. | |

In a letter dated May 4, 2026, the Clerk of Court directed Plaintiff Musab Mohamed Alhussein to pay the filing fee for this matter or to apply for *in forma pauperis* ("IFP") status. (ECF No. 2.) The letter warned Mr. Alhussein that if he did not pay the filing fee or apply for IFP status within 15 days, this matter could be summarily dismissed without prejudice. (*See id.*) That deadline has now passed, and Mr. Alhussein has neither applied for IFP status nor paid the filing fee. In fact, Mr. Alhussein has not communicated with the Court about this case at all since commencing this action. Consistent with the warning previously given to Mr. Alhussein, the Court now recommends this action be dismissed without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute it. *See Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

Furthermore, even if Mr. Alhussein had prosecuted this action, there would be an additional hurdle preventing this matter from going forward. Mr. Alhussein is currently a federal immigration detainee, and until very recently he was a federal prisoner in the State of Florida. The

1

allegations in the Complaint concern alleged misconduct by State of Florida judicial officials, and the lone defendant to this action is Broward County, Florida. The allegations in the Complaint establish no reason to believe the District of Minnesota is an appropriate venue for this lawsuit pursuant to 28 U.S.C. § 1391(b). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Here, a transfer of this matter is not in the interests of justice because Mr. Alhussein is already proceeding with a similar lawsuit against Broward County in the United States District Court for the Southern District of Florida. *See Alhussein v. Broward County*, No. 26-cv-61174 (AHS) (S.D. Fla. filed Apr. 21, 2026). Thus, even if Mr. Alhussein were to pay the filing fee or apply for IFP status, this matter should be dismissed summarily without prejudice.

## RECOMMENDATION

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute or, alternatively, pursuant to 28 U.S.C. § 1406(a).

Dated: May 27, 2026                         *s/ Dulce J. Foster*
                                            Dulce J. Foster
                                            United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).

2